UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYZABETH LUGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | Case No. CV 12-1337 JC <br><br> MEMORANDUM OPINION |

## I. SUMMARY

On February 22, 2012, plaintiff Elyzabeth Lugo ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 23, 2012 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 19, 2008, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 126). Plaintiff asserted that she became disabled on January 1, 1993, due to diabetes and nerve damage in her back and leg. (AR 155). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and plaintiff's grandmother on February 5, 2010. (AR 26-59). In addition, the ALJ considered the opinions of Dr. Jose Rabelo, an impartial medical expert who reviewed the record medical evidence and answered interrogatories regarding plaintiff's abilities at the request of the ALJ. (AR 15, 534-48).

On August 26, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 1, 15-25). Specifically, the ALJ found: (1) plaintiff suffered from the following "conditions of ill-being" that in combination constitute a severe impairment: type I diabetes mellitus with frequent diarrhea, mild peripheral neuropathy, and episodes of anemia and hypoglycemia due to noncompliance (AR 18); (2) plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (AR 19); (3) plaintiff retained the residual functional capacity to perform light

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

work (20 C.F.R. § 416.967(b)) with additional limitations[2] (AR 19); (4) plaintiff had no past relevant work (AR 23); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 23-24); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 22).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///

---

[2] The ALJ determined that plaintiff (1) could perform light work; (2) could frequently climb ramps and stairs, but could not climb ladders, ropes or scaffolds; (3) could frequently balance, kneel, crouch, crawl and stoop; and (4) needed to avoid all exposure to hazards such as dangerous moving machinery and unprotected heights. (AR 19).

  (2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

  (3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

  (4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

  **B.** **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a remand or reversal is warranted because the ALJ improperly rejected the opinions of her treating physician, Dr. Erick Carcamo.  (Plaintiffs' Motion at 7-12) (citing AR 483-91).  The Court disagrees.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians").  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more

///
///
///
///

weight than a nonexamining physician's opinion.[3]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted).  The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  Id.  (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer his conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must set forth his own interpretations and explain why they, rather than the

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

[physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

Although the treating physician's opinion is generally given more weight, a nontreating physician's opinion may support rejecting the conflicting opinion of a claimant's treating physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). If a nontreating physician's opinion is based on independent clinical findings that differ from the findings of the treating physician, the nontreating physician's opinion may be considered substantial evidence. Id. at 1041 (citing Magallanes, 881 F.2d at 751). If that is the case, then the ALJ has complete authority to resolve the conflict.[4]

**B. Analysis**

In Physical and Diabetes Mellitus Residual Functional Capacity Questionnaires, each dated January 6, 2010, Dr. Carcamo diagnosed plaintiff with insulin dependent diabetes mellitus, depression and peripheral neuropathy, and opined, in pertinent part, that plaintiff (1) suffered from fatigue, extremity pain and numbness, muscle weakness, diarrhea, psychological problems, insulin shock/coma, hyper/hypoglycemic attacks, nausea/vomiting, and dizziness; (2) would "often" or "constantly" suffer from symptoms severe enough to interfere with attention and concentration necessary to sustain simple, repetitive work tasks during a typical eight-hour workday; (3) was incapable of even "low stress" work due to depression and pain; (4) could sit or stand no more than 15 minutes at a time, and could sit, stand and/or walk only about two hours total in an eight-hour workday; (5) would need to shift positions at will and be permitted to walk around every 15 minutes for a period of 15 minutes each time; (6) would require

---

[4]Where there is conflicting medical evidence, the Secretary must assess credibility and resolve the conflict. Thomas, 278 F.3d at 956-57.

additional, unscheduled two-hour breaks during the day; (7) could never lift 20 pounds; (8) could frequently twist and occasionally stoop/bend, crouch, climb ladders and climb stairs; (9) would have limitations in doing repetitive reaching, handling or fingering due to moderate pain; (10) would need to avoid concentrated exposure to extreme cold/heat, high humidity, chemicals, solvents/cleaners, cigarette smoke and perfumes, and avoid all exposure to soldering fluxes, fumes, odors, dust and gasses; and (11) would likely be absent from work as a result of her impairments more than four days per month. (AR 483-91, 565-72).

Here, a remand or reversal is not warranted because the ALJ properly rejected Dr. Carcamo's opinions for specific and legitimate reasons supported by substantial evidence.[5]

---

[5] Preliminarily, almost all of Dr. Carcamo's treatment records for plaintiff that were before the ALJ pertain to treatment plaintiff received well before plaintiff's alleged period of disability commenced on August 19, 2008 (*i.e.*, when plaintiff applied for benefits) (AR 268-302, 304-72) and significantly before the date Dr. Carcamo drafted his opinions (*i.e.*, January 6, 2010) (AR 486, 491) (AR 303). The ALJ was entitled to give little or no weight to Dr. Carcamo's retrospective opinions to the extent such opinions were inconsistent with other substantial evidence in the record from within the relevant period (*e.g.*, Dr. Sean To's consultative examination which found that plaintiff did not have any of the significant functional limitations noted by Dr. Carcamo (AR 379-83)), and could properly disregard such opinions without detailed explanation. See Freeman v. Apfel, 208 F.3d 687, 691 (8th Cir. 2000) (Where treating physician's evidence "did not pertain to [claimant's] condition during the relevant period [of disability] and was inconsistent with other substantial evidence that did pertain to the relevant period, the ALJ was under no obligation to give [the treating physician's] opinion controlling weight.") (citations omitted); see also Lind v. Commissioner of Social Security, 2008 WL 4370017, at *14 (S.D. Cal. Sept. 24, 2008) (same; citing id.), aff'd, 370 Fed. Appx. 814 (9th Cir. 2010); Klett v. Barnhart, 303 F. Supp. 2d 477, 484 (S.D.N.Y. 2004) ("[A] retrospective diagnosis from a physician, particularly one who was not the claimant's treating physician during the relevant time period, may carry less weight if the diagnosis is inconsistent with other substantial evidence in the record.") (citing, *inter alia*, former 20 C.F.R. § 404.1527(d)(4) (now 20 C.F.R. § 404.1527(c)(4))); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence.") (citation omitted). The Court has also considered the additional medical records from Dr. Carcamo that plaintiff submitted to the Appeals Council (AR 554-64). See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council
(continued...)

First, the ALJ properly rejected Dr. Carcamo's opinions because they were unsupported by the treating physician's own notes and the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ need not accept treating physician's opinions that are conclusory and brief, or unsupported by clinical findings, or physician's own treatment notes). For example, most of the documents Dr. Carcamo supplied for the record provide no insight into plaintiff's ability to work much less support for Dr. Carcamo's opinions. (See, e.g., AR 271-302, 304, 320, 556-59, 564 (billing/office records), AR 321-72 (unrelated/unremarkable lab reports), AR 303, 306-07, 309-10, 312-15, 317-19, 560-63 (progress notes regarding routine check-ups and unrelated medical issues)). The paltry number of arguably relevant treatment notes reflect at most sporadic complaints from plaintiff of isolated subjective symptoms, often from many years before plaintiff applied for benefits, and thus lend no support to the significant physical limitations to which Dr.

---

[5](...continued)
considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). Although such records appear to pertain to treatment plaintiff received around the time of Dr. Carcamo's opinions, as noted below, such additional records provide no support for the extreme limitations to which Dr. Carcamo opined.

Carcamo opined.[6]  Moreover, as the ALJ noted, plaintiff's treatment records do not reflect that Dr. Carcamo conducted any objective testing that could support Dr. Carcamo's opinions regarding plaintiff's mental limitations.  (AR 21).

Second, to the extent Dr. Carcamo's opinions are based on plaintiff's symptoms during periods when plaintiff failed to comply with her prescribed course of treatment (AR 20-22) (citing Exhibits 11F at 3, 5, 7-8 [AR 447, 449, 451-52], 17F at 2 [AR 511], 19F at 5-6 [AR 537-38]), such opinions cannot support a disability finding.  A claimant who would otherwise be found disabled within the meaning of the Social Security Act may be denied benefits if she fails to follow prescribed treatment without justifiable cause.  See Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); SSR 82-59; 20 C.F.R. §§ 404.1530, 416.930; see also Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citations omitted).

Finally, the ALJ properly rejected Dr. Carcamo's opinions in favor of the conflicting opinions of at least the medical expert, who found no limitations beyond those already accounted for in the ALJ's residual functional capacity assessment.  (AR 21, 534-47).  Dr. Rabelo's opinions constituted substantial evidence supporting the ALJ's decision since they were based on and consistent with the other medical evidence in the record, including the independent clinical findings of Dr. Sean To, a consultative examining physician (AR 379-83).  See Tonapetyan, 242 F.3d at 1149 (holding that opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with

---

[6]Treatment notes reflect that plaintiff reported (1) fatigue in August 2002 (AR 316); (2) diarrhea in August 2003 (AR 313); (3) chest pain in September 2003 (AR 314); (4) two days of diarrhea in April 2004 (AR 311); (5) fatigue in June 2004 (AR 311); (6) fatigue in July 2006 (AR 310); (7) chest pain upon swallowing in September 2006 (AR 308); (8) back pain in May of 2007 (AR 308); and (9) three days of dizziness in April 2008 (AR 305).

independent clinical findings or other evidence in the record); <u>Andrews</u>, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"); <u>Morgan</u>, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").  Any conflict in the properly supported medical opinion evidence is the sole province of the ALJ to resolve. <u>Andrews</u>, 53 F.3d at 1041.

Accordingly, a remand or reversal is not warranted on this basis.

## V.     CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 28, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE